UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GABRIEL DICK and JILL DICK,<br><br>            Plaintiffs,<br><br>     v.<br><br>AMERICAN HOME MORTGAGE SERVICING, INC., AMERIQUEST MORTGAGE CO., AMERIQUEST MORTGAGE SECURITIES, INC., DEUTSCHE BANK NATIONAL TRUST, TOWN AND COUNTRY TITLE SERVICES, CITI RESIDENTIAL LEDNING, and POWER DEFAULT SERVICES, INC.,<br><br>            Defendants. | CIV. NO. 2:13-00201 WBS CKD<br><br>BK. NO. 2:11-45476<br>ADV. PRO. NO. 12-2007<br><br>MEMORANDUM AND ORDER RE: MOTION TO DISMISS |

----oo0oo----

Plaintiffs Gabriel Dick and Jill Dick brought this action against defendants Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc.; Ameriquest Mortgage Co.; Ameriquest Mortgage Securities, Inc.; Deutsche Bank National Trust; Town and Country Title Services; Citi Residential Lending; and Power Default Services, Inc., arising from the

1

foreclosure of their home.  Defendants Town and Country Title Services, Ameriquest Mortgage Company, and Ameriquest Mortgage Securities, Inc. (collectively, "moving defendants") now move to dismiss plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]

I.   Factual and Procedural Background

In January 2003, plaintiffs obtained a loan in the amount of $270,000 from Ameriquest Mortgage Company.[2]  (Req. for Judicial Notice ("RJN") Ex. 1 ("FAC") Ex. A (Docket No. 35).)  As security, plaintiffs executed a Note and Deed of Trust on the property located at 11603 Northern Lights Drive in Grass Valley, California ("Northern Lights property" or "property").  (Id.)

Plaintiffs allege that the note was to be transferred into a securitized trust, with a closing date of July 1, 2003.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

[2] A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Turnacliff v. Westly, 456 F.3d 1113, 1120 n.5 (9th Cir. 2008) (quoting Fed. R. Evid. 201) (internal quotations omitted). Plaintiffs filed their First Amended Complaint in the bankruptcy adversary proceeding in the Bankruptcy Court for the Eastern District of California, (No. 12-02007).  Defendants request that the court judicially notice the complaint as well as various recorded documents pertaining to the property located at 11603 Northern Lights Drive in Grass Valley, California.  (See Req. for Judicial Notice Exs. 1-5 (Docket No. 35).)  The court will take judicial notice of these documents, since they are matters of public record whose accuracy cannot be questioned. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

1 (FAC at 6, ¶ 5.)  Plaintiffs claim any subsequent transfer or assignment would be void under the terms of the trust instrument. (Id. at 6, ¶ 7.)

In January 2009, Ameriquest Mortgage Company assigned all beneficial interest in the Note and Deed of Trust to Deutsche Bank National Trust ("Deutsche Bank"), as Trustee.  (Id. at 7, ¶ 4; 8, ¶ 8.)

A Notice of Default and Election to Sell Under Deed of Trust was recorded on October 12, 2010, listing the default as $15,379.31.  (RJN Ex. 2.)  A Notice of Trustee's Sale was recorded on February 24, 2011.  (Id. Ex. 4.)  On May 6, 2011, a Trustee's Deed Upon Sale was recorded, declaring that the Northern Lights property had been sold to Deutsche Bank.  (Id. Ex. 5.)

In October 2011, plaintiffs filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California, (No. 11-45476).  On January 5, 2012, plaintiffs filed a complaint to commence a bankruptcy adversary proceeding, (No. 12-02007).  Plaintiffs filed the amended complaint in that proceeding on February 9, 2012.  (FAC.)

Plaintiffs obtained a discharge in bankruptcy on February 13, 2012.  This court granted plaintiffs' motion to withdraw the reference of the adversary complaint to bankruptcy court on July 16, 2013.  (Docket No. 32.)  On August 26, 2013, moving defendants filed the instant motion to dismiss.  (Docket No. 33.)

II. Legal Standard

On a motion to dismiss, the court must accept the

allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57).

III. Analysis

    Plaintiffs' FAC, filed pro se, lists inconsistently the claims it asserts throughout various parts of the FAC. Liberally construing the pleadings, and in light of the briefs filed after plaintiffs obtained counsel, the court reads the FAC to assert the following claims: wrongful foreclosure, declaratory relief, cancellation of instrument, fraud, quiet title, and injunctive relief. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) ("Courts have a duty to construe pro se pleadings liberally . . . .").

    A.   Statute of Limitations

    The moving defendants first contend that all of plaintiffs' claims are barred by the relevant statutes of limitations. (Defs.' Mem. of P. & A. at 5:25-6:14 (Docket No. 33).) According to the moving defendants, plaintiffs concede

4

that the moving defendants' interest in the property was assigned in July 2003, and, as such, plaintiffs cannot proceed in light of California statutes of limitations proscribing the plaintiffs' claims after four years. (Id.) This, however, appears to be based on a misreading of the FAC.

The FAC refers to a "Corporate Assignment of Deed of Trust with Citi Residential Lending Inc. as Attorney in Fact for Ameriquest Mortgage Company to Deutsche Bank National Trust as Trustee for Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2003-7 under PSA agreement on July 13, 2003." (FAC at 8, ¶ 8.) It appears, though, that the "July 13, 2003" date referenced above refers to the pooling and servicing agreement for the creation of the "Ameriquest Mortgage Securities Inc. Asset Backed Pass Through Certificates Series 2003-7" security, not the date of an assignment.

Accordingly, in light of this ambiguity, and drawing all reasonable inferences in favor of the plaintiffs, the court cannot find that plaintiffs' claims are barred by the applicable statutes of limitationsr.

B. Wrongful Foreclosure

Plaintiffs allege the foreclosure of their property was improper. According to plaintiffs, "the crux" of their claims is "the theory that the [assignment] was void, and as such, none of the Defendants in this case had the right or authority to foreclose" upon the property. (Pls.' Mem. of P. & A. at 4:5-7 (Docket No. 38).)

A majority of district courts in California have held that borrowers do not have standing to challenge the assignment

5

of a loan because borrowers are not party to the assignment agreement.  See Gilbert v. Chase Home Fin., LLC, 1:13-CV-265 AWI SKO, 2013 WL 2318890, at *3 (E.D. Cal. May 28, 2013) (listing cases).  Plaintiffs rely on a recent decision of a California Court of Appeal that allowed a borrower to challenge an assignment as void.  See Glaski v. Bank of Am., Nat'l Ass'n, 218 Cal. App. 4th 1079, 1095 (5th Dist. 2013) ("We reject the view that a borrower's challenge to an assignment must fail once it is determined that the borrower was not a party to, or third party beneficiary of, the assignment agreement.").

The court need not reach the issue, as plaintiffs' wrongful foreclosure claim fails because plaintiffs cannot allege that the foreclosure was prejudicial.  See Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (1st Dist. 2011) ("[A] plaintiff in a suit for wrongful foreclosure has generally been required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests.")  California courts find a lack of prejudice when a borrower is in default and cannot show that the allegedly improper assignment interfered with the borrower's ability to pay or that the original lender would not have foreclosed under the circumstances.  See Silga v. Mortg. Elec. Registration Sys., Inc., No. B240531, 2013 WL 4522474, at *5 (Cal. Ct. App. 2d Dist. Aug. 27, 2013) ("The assignment of the deed of trust and the note did not change [plaintiffs'] obligations under the note, and there is no reason to believe that . . . the original lender would have refrained from foreclosure in these circumstances."); Herrera v. Fed. Nat'l Mortg. Ass'n, 205 Cal. App. 4th 1495, 1508

(4th Dist. 2012) (finding no prejudice from assignment of loan where borrowers defaulted on the loan and failed to tender and cure default); Fontenot, 198 Cal. App. 4th at 272 (finding no prejudice where borrower was in default and did not allege that transfer of note interfered with borrower's ability to pay).

Plaintiffs acknowledge they were in default of their loan. (FAC at 9, ¶¶ 10-11.) They do not allege that the allegedly improper transfer interfered with their ability to pay their note, or that the original lender would have refrained from foreclosure under the circumstances. The allegedly improper "assignment merely substituted one creditor for another, without changing [plaintiffs'] obligations under the note." Fontenot, 198 Cal. App 4th at 272. Plaintiffs do not allege they could have met these obligations, and thus any defects in the foreclosure were not prejudicial to plaintiffs. Accordingly, the court will grant the moving defendants' motion to dismiss plaintiffs' claim for wrongful foreclosure.[3]

C.  Declaratory Relief

Plaintiffs seek a declaration that "the entire loan which includes the Deed of Trust and the associated Promissory Note be deemed null and void," as well as a "determination that the Plaintiffs are the sole and rightful owner of Title in the subject property, and that the Defendants be stripped of any and

---

[3] To the extent that plaintiffs allege that the foreclosure was improper because the mortgage was securitized, the claim nonetheless fails. See Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (Shubb, J.) ("The argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts.").

7

1  all rights, title, liens or interests in the subject property."
2  (FAC at 15, ¶¶ 1-2.)
3      Under 28 U.S.C. § 2201(a), "any court of the United
4  States, upon the filing of an appropriate pleading, may declare
5  the rights and other legal relations of any interested party
6  seeking such declaration, whether or not further relief is or
7  could be sought."  Declaratory relief should be denied if it will
8  "neither serve a useful purpose in clarifying and settling the
9  legal relations in issue nor terminate the proceedings and afford
10 relief from the uncertainty and controversy faced by the
11 parties."  United States v. Washington, 759 F.2d 1353, 1356–57
12 (9th Cir. 1985).
13     Here, a nonjudicial foreclosure sale has already taken
14 place, and moving defendants disclaim any interest in the
15 property.  The remainder of plaintiffs' claims challenge the
16 validity of that sale.  "Because plaintiffs' claim for
17 declaratory relief would only address past wrongs and would add
18 nothing to the proceeding in terms of either issues addressed or
19 relief sought, it is inappropriate."  Burachek v. Chase Home
20 Fin., LLC, No. CIV. 2:12-1771 WBS CKD, 2012 WL 3778970, at *4
21 (E.D. Cal. Aug. 31, 2012).  Accordingly, the court will grant the
22 moving defendants' motion to dismiss this claim.
23     D.   Cancellation of Instrument
24         "A written instrument, in respect to which there is a
25 reasonable apprehension that if left outstanding it may cause
26 serious injury to a person against whom it is void or voidable,
27 may, upon his application, be so adjudged, and ordered to be
28 delivered up or canceled."  Cal. Civ. Code § 3412.  "To plead a

cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." Zendejas v. GMAC Wholesale Mortg. Corp., No. 1:10-CV-00184 OWW GSA, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010).

As with their wrongful foreclosure claim, plaintiffs do not allege that allowing the Deed of Trust to stand will cause them any injury. See Wilson v. Household Fin. Corp., No. CIV S-12-1413 KJM AC, 2013 WL 1310589, at *8 (E.D. Cal. Mar. 28, 2013) ("A party is not prejudiced by an irregularity if he is unable to pay his reasonable indebtedness."). Plaintiffs acknowledge that they defaulted on their loan, and their property has already been sold in a nonjudicial foreclosure sale. (See FAC at 9, ¶¶ 10-11.) Moreover, aside from vague allegations of fraud, analyzed below, plaintiffs do not state how the allegedly improper assignment caused their inability to make payments on their loan. See Cornell v. That Certain Instrument Entitled Deed of Trust, No. CIV. 2:12-330 WBS CKD, 2012 WL 1869689, at *5 (E.D. Cal. May 22, 2012) (requiring causal relationship between alleged deficiency and circumstances leading to foreclosure). Accordingly, the court will grant the moving defendants' motion to dismiss plaintiffs' cancellation claim.

E. Fraud

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." In re Estate of

9

1  Young, 160 Cal. App. 4th 62, 79 (4th Dist. 2008).  Under the
2  heightened pleading requirements for claims of fraud under
3  Federal Rule of Civil Procedure 9(b), "a party must state with
4  particularity the circumstances constituting the fraud."  Fed. R.
5  Civ. P. 9(b).  A plaintiff must include the "who, what, when,
6  where, and how" of the fraud.  Vess v. Ciba-Geigy Corp. USA, 317
7  F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).
8       Here, plaintiffs make only vague and general
9  allegations of fraudulent conduct regarding the moving
10 defendants.  (See, e.g., FAC at 10, ¶ 4 ("the mortgage is plagued
11 with fraud"); 14-15 ("the mortgage, into which the Defendants had
12 coerced the Plaintiffs, was blighted with deception on every
13 level and executed with calculated intentions to defraud the
14 Plaintiffs").)  To the extent the FAC offers any specifics, it
15 only names individuals engaged in alleged "Robosigning fraud,"
16 who plaintiffs admit are not employees of the moving defendants.
17 (Id. at 8-9.)  Such conclusory allegations do not approach an
18 explanation of the "who, what, when, where, and how" of the
19 alleged fraud, and fall well short of Rule 9(b)'s requirement of
20 particularity.  See Vess, 317 F.3d at 1106; Castaneda v. Saxon
21 Mortg. Servs., Inc., 687 F. Supp. 2d 1191, 1200 (E.D. Cal. 2009)
22 (Shubb, J.) (dismissing fraud allegations without "any specific
23 representation made by any defendant at any time").  Accordingly,
24 the court will dismiss the fraud claim against the moving
25 defendants.
26      F.   Quiet Title
27           A claim to quiet title requires: (1) a verified
28 complaint, (2) a description of the property, (3) the title to

1  which a determination is sought, (4) the adverse claims to the
2  title against which a determination is sought, (5) the date as of
3  which the determination is sought, and (6) a prayer for the
4  determination of the title.  Buracheck, 2012 WL 3778970, at *7
5  (citing Cal. Code Civ. Proc. § 761.020).
6      Plaintiffs fail to allege that moving defendants make
7  any "adverse claims to the title against which a determination is
8  sought."  Id.  The FAC only makes general allegations of a "risk
9  of adverse possession actions by entities that may claim to be of
10 interest."  (FAC at 6, ¶ 6.)  Plaintiffs' property has already
11 been sold, and Deutsche Bank, rather than any of the moving
12 defendants, has taken title.  (See RJN Ex. 5 (Trustee's Deed).)
13 Plaintiffs acknowledge that moving defendants had already
14 assigned any interest in the property prior to the foreclosure.
15 (See FAC at 8, ¶ 8.)  Moving defendants make no adverse claims to
16 title that plaintiffs seek to defeat.  See West v. JPMorgan Chase
17 Bank, N.A., 214 Cal. App. 4th 780, 802-03 (4th Dist. 2013)
18 (holding mortgage borrower could not quiet title to home against
19 creditor after trustee's sale, where creditor no longer held
20 title to the property).  Accordingly, the court will grant moving
21 defendants' motion to dismiss the quiet title claim.
22     G.   Injunctive relief
23      Under California law, requests for injunctive relief
24 have been consistently classified as remedies and not valid
25 causes of action in their own rights.  See, e.g., Shell Oil Co.
26 v. Richter, 52 Cal. App. 2d 164, 168 (4th Dist. 1942)
27 ("Injunctive relief is a remedy and not, in itself, a cause of
28 action.").  Accordingly, the court will grant the moving

1 defendants' motion to dismiss plaintiffs' separate claim for
2 injunctive relief.
3      H.    <u>Leave to Amend</u>
4         Although leave to amend must be freely given, the court
5 is not required to allow futile amendments.  <u>See</u> <u>DeSoto v. Yellow</u>
6 <u>Freight Sys., Inc.</u>, 957 F.2d 655, 658 (9th Cir. 1992).  It is
7 clear that further amendment will not help plaintiffs adequately
8 plead at least some causes of action.  As discussed above,
9 declaratory relief and injunctive relief are remedies and not
10 causes of action in their own right.  As to the remaining causes
11 of action, plaintiffs are admonished that failure to cure the
12 defects identified in this Order will be grounds for dismissal
13 without further leave to amend.
14         IT IS THEREFORE ORDERED that defendants' motion to
15 dismiss be, and the same hereby is, GRANTED.
16         Plaintiffs have twenty days from the date of this Order
17 to file an amended complaint, if they can do so consistent with
18 this Order.
19 Dated:  September 18, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE