|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| GABRIEL DICK and JILL DICK, | CIV. NO. 2:13-00201 WBS CKD |
|---|---|
| Plaintiffs, | BK. NO. 2:11-45476 |
| v. | ADV. PRO. NO. 12-2007 |
| AMERICAN HOME MORTGAGE SERVICING, INC. AMERIQUEST MORTGAGE CO., AMERIQUEST MORTGAGE SECURITIES, INC. DEUTSCHE BANK NATIONAL TRUST, TOWN AND COUNTRY TITLE SERVICES, CITI RESIDENTIAL LENDING, and POWER DEFAULT SERVICES, INC., | <u>MEMORANDUM AND ORDER RE: MOTION TO DISMISS</u> |
| Defendants. |   |

----oo0oo----

Plaintiffs Gabriel Dick and Jill Dick brought this action against defendants Homeward Residential, Inc., formerly known as American Home Mortgage Servicing, Inc.; Ameriquest Mortgage Co.; Ameriquest Mortgage Securities, Inc.; Deutsche Bank National Trust; Town and Country Title Services; Citi Residential

1

Lending; and Power Default Services, Inc., arising from the foreclosure of their home. Defendants Town and Country Title Services, Ameriquest Mortgage Company, and Ameriquest Mortgage Securities, Inc., ("Ameriquest defendants") and defendants Homeward Residential, Inc., Deutsche Bank National Trust Company, and Power Default Services, Inc., ("remaining defendants") now separately move to dismiss plaintiffs' Second Amended Complaint ("SAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket Nos. 57 and 62, respectively.)

I.   Factual and Procedural Background

The factual background of this case is described in detail in the court's September 18, 2013, Order granting defendants' motion to dismiss. (Docket No. 40.) In short, plaintiffs obtained a loan in the amount of $270,000.00 from Ameriquest Mortgage Company ("Ameriquest") in 2003, secured by a Note and Deed of Trust on property located at 11603 Northern Lights Drive in Grass Valley, California (the "Property"). (SAC ¶¶ 2-3, 12-13; Defs.' Req. for Judicial Notice in Supp. Of Ameriquest's Mot. To Dismiss ("Ameriquest RJN") Ex. A (Docket No. 58-1).)[1]

---

[1] A court may take judicial notice of facts "not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Turnacliff v. Westly, 456 F.3d 1113, 1120 n.5 (9th Cir. 2008) (quoting Fed. R. Evid. 201) (internal quotations omitted).
    Defendants separately request that the court judicially notice of various recorded documents relating to the Property, as well as documents filed in plaintiffs' bankruptcy proceeding.

Ameriquest assigned its interest in the Note and Deed of Trust to Deutsche Bank National Trust Company ("Deutsche Bank") by way of a Corporate Assignment and Deed of Trust. (SAC ¶ 18; Ex. 1.)  Plaintiffs allege this assignment to a securitized trust was improper because it violated the terms of the trust's pooling and servicing agreement. (Id. ¶¶ 26-64.)

Sometime in 2010, plaintiffs allege an employee of American Home Mortgage Servicing, Inc., ("AHMSI") named "HOUTEN" represented to plaintiffs that they would receive a loan modification if they became three months delinquent on their mortgage payments. (Id. ¶ 71.)  However, on October 12, 2010, Deutsche Bank recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") against the Property, which stated plaintiffs were in default on the loan, owing at least $15,379.31. (Id. ¶¶ 21-23, Ex. 2.)

Subsequently, Power Default Services, Inc., recorded a Notice of Trustee's Sale against the Property, (id. Ex 3), and, on May 6, 2011, executed a Trustee's Deed Upon Sale conveying the Property to Deutsche Bank, (id. Ex. 4).  Plaintiffs allege this sale never actually took place. (Id. ¶ 25.)

In October 2011, plaintiffs filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of California, (Bk. No. 11-45476; RJN Ex. I.).

---

(See Ameriquest RJN Exs. A-B; Defs.' Req. for Judicial Notice ("RJN") Exs. A-J (Docket No. 63).).  Plaintiffs do not oppose the request.  The court will take judicial notice of these documents, since they are matters of public record whose accuracy cannot be questioned.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

3

On January 5, 2012, plaintiffs filed a complaint to commence a bankruptcy adversary proceeding, (Ad. Pro. No. 12-02007), and filed an amended complaint ("FAC") in that proceeding on February 9, 2012.

Plaintiffs obtained a discharge in bankruptcy on February 13, 2012, (RJN Ex. J), and the court granted plaintiffs' motion to withdraw the reference of the adversary complaint to bankruptcy court on July 16, 2013.  (Docket No. 32.)  On September 18, 2013, the court granted Ameriquest defendants' motion to dismiss plaintiffs' FAC.  (Docket No. 40.)  Plaintiffs filed the SAC on October 8, 2013, realleging claims for wrongful foreclosure, fraud, and cancellation of instruments.  (Docket No. 41.)  Defendants now move to dismiss the SAC for failure to state a claim pursuant to Rule 12(b)(6).

II.  Analysis

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the

line between possibility and plausibility." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556-57).

    A.   Wrongful Foreclosure

Under California law, "[w]rongful foreclosure is an action in equity, where a plaintiff seeks to set aside a foreclosure sale." Castaneda v. Saxon Mortgage Servs., Inc., 687 F. Supp. 2d 1191, 1201 (E.D. Cal. 2009) (Shubb, J.). California courts require an allegation of prejudice to maintain a wrongful foreclosure claim. Herrejon v. Ocwen Loan Servicing, LLC, --- F. Supp. 2d ----, Civ. No. F 13-1756 LJO MJS, 2013 WL 5934148, at *8 (E.D. Cal. Nov. 1, 2013) (citing Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256, 272 (1st Dist. 2011)).

Allegations that the improper party initiated foreclosure proceedings do not satisfy the element of prejudice; rather, a plaintiff must allege facts demonstrating "that the foreclosure would have been averted but for these alleged deficiencies." Reynoso v. Paul Fin., LLC, No. 09-3225 SC, 2009 WL 3833298, at *4 (N.D. Cal. Nov. 16, 2009); see also Ghuman v. Wells Fargo Bank, N.A., Civ. No. 1:12-00902 AWI BAM, 2012 WL 2263276, at *5 (E.D. Cal. Jun. 15, 2012) (noting "Plaintiffs would be hard pressed to show any conceivable prejudice" from alleged improper substitution of trustee because a "substitution would simply have replaced one trustee with another without modifying Plaintiffs' obligations under the note or deed of trust"); Permito v. Wells Fargo Bank, N.A., No. C-12-00545 YGR, 2012 WL 1380322, at *6 (N.D. Cal. Apr. 20, 2012) ("[F]or a foreclosure to be 'wrongful,' Plaintiff also must allege that no

5

entity had the right to foreclose upon her, not simply that the wrong entity foreclosed upon her.").

Here, plaintiffs have amended their complaint to add conclusory allegations of prejudice. (See SAC ¶ 69 ("Plaintiffs allege that they were prejudiced as a result of this process.").) In more detail, plaintiffs claim that, had the loan not been improperly assigned, "the original lender would not have foreclosed upon the Subject Property as it would have been more profitable to modify the Subject Loan." (Id.) These allegations provide no factual basis, beyond sheer speculation, for an inference that "the foreclosure would have been averted but for these alleged deficiencies." Reynoso, 2009 WL 3833298, at *4. The allegations are also highly implausible because, as plaintiffs themselves admit, the original lender Ameriquest could not have offered a modification because it was no longer in the mortgage business. (See Pls.' Opp'n (Docket No. 65) at 17:24-18:2 (noting Ameriquest "was defunct in 2009" and "did not exist in 2009").)

Even if plaintiffs were able to obtain a modification, there is no factual basis to assume they would have made the payments and prevented foreclosure by curing the default. Plaintiffs do not dispute they were in default on the loan, and owed $15,379.31 as of October 7, 2010. (SAC Ex. 2.) Plaintiffs have not alleged any facts to suggest the allegedly improper assignment "adversely affected their ability to pay or to cure their default." Ghuman, 2012 WL 2263276, at *5. Without more, plaintiffs have not alleged any prejudice from any party's lack

6

of authority in the foreclosure process.  See Siliga v. Mortg. Elec. Registration Sys., Inc., 219 Cal. App. 4th 75, 85 (2d Dist 2013) (finding no prejudice when plaintiffs "do not dispute that they are in default under the note," the "assignment of the deed of trust and the note did not change [plaintiffs'] obligations under the note, and there is no reason to believe that . . . the original lender would have refrained from foreclosure in these circumstances.").  Accordingly, because prejudice is an essential element of a wrongful foreclosure claim, the court must grant defendants' motions to dismiss this claim.[2]

B.  Fraud

"The elements of fraud are (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage."  Doe v. Gangland Prods., Inc., 730 F.3d 946, 960 (9th Cir. 2013) (citing Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996)).  Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud."  Fed. R. Civ. P. 9(b). "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything

---

[2]   Plaintiffs' reliance on Glaski v. Bank of Am., Nat'l Ass'n, 218 Cal. App. 4th 1079 (5th Dist. 2013), is misplaced. Glaski did not address the issue of prejudice one way or another. Were it even controlling here--and it is not--Glaski does not stand for the proposition that plaintiffs need not allege prejudice in a wrongful foreclosure claim.

7

wrong.'" Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks and citations omitted)).

To survive a motion to dismiss, a plaintiff must include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted). "When bringing a fraud claim against a corporate defendant, a plaintiff must 'allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written.'" Lugo v. Bank of Am., N.A., Civ. No. 2:11-01956 MCE EFB, 2012 WL 893878, at *5 (E.D. Cal. Mar. 15, 2012) (quoting Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (6th Dist. 1991)).

Plaintiffs have amended this claim to allege two separate misrepresentations. One generally claims that all defendants "and their representatives/employees/agents" represented "to Plaintiffs and the general public" that "they had the right, power and authority to foreclosure upon the Subject Property" from 2009 to 2011. (SAC ¶¶ 76-80). These allegations clearly fail for lack of specificity, and do not come close to "stat[ing] with particularity the circumstances constituting the fraud," Fed. R. Civ. P. 9(b), much less "give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124.

Plaintiffs also allege that, sometime "[i]n or about

8

2010," a representative of AHMSI named "HOUTEN" falsely "represented that Plaintiffs would receive a loan modification if they became three months delinquent in their mortgage payments and returned all of the requested modification applications and requested documents."  (SAC ¶ 71.)  Plaintiffs claim they justifiably relied on this representation, did not receive a loan modification, and as a result "were induced to accept a loan modification with unfavorable and unfair terms," ultimately losing title to the Property through foreclosure.  (Id. ¶¶ 71-75; ¶ 81.)

Even assuming plaintiffs adequately pled the circumstances of this alleged fraud with sufficient particularity, plaintiffs have fallen short of stating a plausible claim of relief.  Plaintiffs must "allege facts showing that [their] reliance on [the alleged] statement caused the trustee's sale of [their] home."  Sholiay v. Fed. Nat. Mortgage Ass'n, Civ. No. 2:13-00958 WBS, 2013 WL 3773896, at *6 (E.D. Cal. July 17, 2013).  In Sholiay, the plaintiff claimed that, but for defendant's alleged misrepresentation that plaintiff would receive a loan modification, plaintiff would have sought legal advice and prevented the foreclosure of his home.  Id.  However, this court dismissed the claim because the plaintiff "fail[ed] to allege facts suggesting how hiring a lawyer could have prevented the sale."  Id.

Here, although plaintiffs allege they "were induced to continue seeking a modifications [sic] when they could have explored other remedies such as a short sale, deed in lieu for

9

foreclosure or could have obtained alternative financing," (SAC ¶ 75), they do not allege any facts suggesting how pursuing these hypothetical avenues could have prevented the foreclosure of their home.  As in Sholiay, the allegations do not allow for a plausible inference that plaintiffs would have been able to make the payments on the loan, or that these purported alternative remedies would have been successful in stemming the eventual foreclosure.  2013 WL 3773896, at *6; see also Manzano v. Metlife Bank N.A., Civ. No. 2:11-651 WBS DA, 2011 WL 2080249, at *5 (E.D. Cal. May 25, 2011) (dismissing fraud claim that misrepresentation regarding loan modification caused plaintiff to stop making payments where plaintiff did not allege she otherwise would or could have resumed making the payments); Newgent v. Wells Fargo Bank, N.A., Civ. No. 09-1525 WQH, 2010 WL 761236, at *5 (S.D. Cal. Mar. 2, 2010) (dismissing fraud claim because plaintiff did "not allege facts that support a cognizable theory upon which she would have succeeded in preventing the trustee's sale."); cf. DeLeon v. Wells Fargo Bank, N.A., Civ. No. 10-10390 LHK, 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011) (dismissing unfair competition claim asserting fraud because "[w]ithout some factual basis suggesting that Plaintiffs could have cured the default . . . the Court cannot reasonably infer that [defendant's] alleged misrepresentations resulted in the loss of Plaintiffs' home.  Rather, the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default.").

     Accordingly, because plaintiffs do not state a

plausible claim of relief, the court must grant defendants' motions to dismiss the fraud claim.

### C. Cancellation of Instruments

"The Court may order cancellation of an invalid written instrument that is void or voidable." Compass Bank v. Petersen, 886 F. Supp. 2d 1186, 1194 (C.D. Cal. 2012) (citing Cal. Civ. Code §§ 3412, et seq). "To plead a cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." Zendejas v. GMAC Wholesale Mortg. Corp., Civ. No. 1:10-00184 OWW GSA, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010). "A party is not prejudiced by an irregularity if he is unable to pay his reasonable indebtedness." Wilson v. Household Fin. Corp, Civ. No. S-12-1413 KJM AC, 2013 WL 1310589, at *8 (E.D. Cal. Mar. 28, 2013).

Plaintiffs have amended this claim to add a single allegation of prejudice. (SAC ¶ 86 ("Plaintiffs have been prejudiced in that they have wrongly deprived of title of the Subject Property.").) This conclusory allegation provides no factual basis for plaintiffs' assertion of prejudice. Moreover, for the same reasons regarding plaintiffs' wrongful foreclosure claim, plaintiffs cannot allege prejudice here because they cannot plausibly allege that the improper assignment affected their inability to pay their debt. See also Cornell v. That Certain Instrument Entitled Deed of Trust, Civ. No. 2:12-330 WBS CKD, 2012 WL 1869689, at *5 (E.D. Cal. May 22, 2012) (requiring

11

causal relationship between alleged deficiency and circumstances leading to foreclosure). Finally, plaintiffs admit they are in default and lost title to the property through foreclosure, (SAC ¶ 81), and do not allege an ability "to pay [their] reasonable indebtedness." Wilson, 2013 WL 1310589, at *8. Accordingly, because plaintiffs fail to allege prejudice, the court must grant defendants' motions to dismiss plaintiffs' claim for cancellation of instruments.[3]

   D.   Leave to Amend

Although leave to amend must be freely given, the court is not required to allow futile amendments. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992). Because the court has already permitted plaintiffs to amend their pleadings and it appears that plaintiffs are unable to state a viable claim against defendants, all claims will be dismissed with prejudice and without leave to amend.

IT IS THEREFORE ORDERED that defendants' motions to dismiss be, and the same hereby are, GRANTED.

The Clerk of the Court is directed to enter a judgment of dismissal in accordance with this Order and close the file.

Dated:  January 14, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[3] Because the court grants defendants' motions to dismiss the SAC in its entirety, it need not reach defendants' arguments that plaintiffs are estopped from bringing claims that they did not include in their bankruptcy petition, that plaintiffs did not comply with the tender rule, and that plaintiffs lack standing.