UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| GABRIEL DICK and JILL DICK, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN HOME MORTGAGE SERVICING INC., et al., <br><br> Defendants. | CIV. NO. 2:13-00201 WBS CKD <br><br> <u>MEMORANDUM AND ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS</u> |

----oo0oo----

Plaintiffs Gabriel Dick and Jill Dick (collectively "plaintiffs") brought this action against Deutsche Bank National Trust, as Trustee for Ameriquest Mortgage Securities, Inc.; Homeward Residential, Inc. (formerly known as American Home Mortgage Servicing, Inc.); and Power Default Services, Inc. (collectively "defendants") alleging wrongful foreclosure of

1

their home, fraud,[1] and cancellation of instruments.[2] Presently before the court is defendants' Motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)").

I. Factual and Procedural Background

In January 2003, plaintiffs obtained a $270,000 loan from Ameriquest Mortgage Company ("Ameriquest") secured by a Note and Deed of Trust on property located in Grass Valley, California ("the property"). (Second Am. Compl. ("SAC") ¶¶ 2-3, 12-13 (Docket No. 41); Defs.' Req. for Judicial Notice in Supp. of Ameriquest's Mot. to Dismiss ("Ameriquest RJN") Ex. A (Docket No. 58-1).)

Plaintiffs allege that the loan was to be transferred into a securitized trust that had a closing date--the date by which all Notes and Deeds of Trust must be transferred into the trust--of July 1, 2003. On February 20, 2009, five and a half years after the trust had closed, Ameriquest assigned all beneficial interest in the Note and Deed of Trust to Deutsche Bank National Trust Company ("Deutsche Bank") by way of a Corporate Assignment and Deed of Trust. (SAC ¶ 18; Ex. 1.) Plaintiffs allege that, because the Deed of Trust was not transferred to the securitized trust by the closing date, this

---

[1] Plaintiffs' fraud claim was dismissed on January 14, 2014. (Docket No. 72).

[2] Plaintiffs originally brought this action against three additional defendants--Town and Country Title Services; Ameriquest Mortgage Co.; and American Home Mortgage Servicing, Inc. They were dismissed with prejudice on February 13, 2017. (Docket No. 120.)

2

assignment is invalid. (Id. ¶ 35.)

A Notice of Default and Election to Sell Under Deed of Trust was recorded on October 12, 2010. (Id. ¶ 21.) A Notice of Trustee's Sale was executed and recorded on February 24, 2011. (Id. ¶ 24, Ex. 3.) On April 29, 2011, the property was sold at public auction and Deutsche Bank became the owner. (Ameriquest RJN ¶ 8, Ex. H.) On May 6, 2011, a Trustee's Deed Upon Sale was recorded, declaring that the property had been sold to Deutsche Bank. (SAC ¶ 25, Ex. 4.) Plaintiffs allege this sale never actually occurred. (Id.)

In October 2011, plaintiffs filed a Chapter 7 bankruptcy petition. (Bankr. No. 11-45476; Ameriquest RJN ¶ 9, Ex. I.) On January 5, 2012, plaintiffs filed a Complaint against Ameriquest and other named defendants to commence a bankruptcy adversary proceeding. (Bankr. Adv. No. 12-02007.) Plaintiffs filed the amended Complaint in that proceeding on February 9, 2012.

Plaintiffs obtained a discharge in bankruptcy on February 13, 2012, (Ameriquest RJN Ex. J), and this court granted plaintiffs' Motion to withdraw the reference of the adversary complaint to bankruptcy court on July 16, 2013. (Docket No. 32.) On August 26, 2013, defendants filed a Motion to dismiss plaintiffs' First Amended Complaint, which was granted on September 18, 2013. (Docket No. 40.) Plaintiffs filed the SAC on October 8, 2013, re-alleging claims of wrongful foreclosure, fraud, and cancellation of instruments. (Docket No. 41.) Defendants then moved to dismiss the SAC for failure to state a claim pursuant to Rule 12(b)(6). On January 14, 2014, the court

dismissed plaintiffs' claims without leave to amend. (Docket No. 72.)

On January 31, 2014, plaintiffs filed a notice of appeal. (Docket No. 74). On February 22, 2016, the Ninth Circuit remanded the case for reconsideration in light of the California Supreme Court's decision in Yvanova v. New Century Mortgage Corp., 62 Cal. 4th 919 (2016). (Docket No. 79.) Subsequently, on May 26, 2016, this court vacated its dismissal of plaintiffs' wrongful foreclosure and cancellation of instruments claims, but did not amend or vacate its dismissal of plaintiffs' fraud claim. (Docket No. 106.)

On August 15, 2017, defendants filed the pending motion for judgment on the pleadings. Plaintiffs did not file an opposition or a statement of non-opposition as required by Local Rule 230(c). Accordingly, because plaintiffs are precluded under Rule 230(c) from being heard at oral argument, the court took the motion under submission without oral argument on either side.

II.  Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). For the purposes of such a motion, the court takes all factual allegations of the non-moving party as true and construes them in the light most favorable to that party. Fleming v. Pickard, 581 F. 3d 922, 925 (9th Cir. 2009) (citing Turner v. Cook, 362 F. 3d 1219, 1225 (9th Cir. 2004)). "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Id.

III. Discussion

    A. Wrongful Foreclosure

The Complaint alleges that defendants cannot foreclose on the property or demand mortgage payments from plaintiffs because the Deed of Trust and Note were not transferred into the trust by its closing date, thereby violating the Pooling Service Agreement ("PSA"). (SAC ¶ 34-36.) Plaintiffs were not, and do not claim to be, a party to any of the assignments of their loan, Deed of Trust, or Note. Defendants argue that plaintiffs therefore lack standing to challenge any allegedly untimely assignment to the trust. (Defs.' Mot for J. on Pleadings 3 (Docket No. 124).)

Pursuant to the Ninth Circuit's remand, this court has now carefully considered the California Supreme Court's decision in Yvanova. That case actually strengthens this court's original determination to dismiss plaintiffs' claims without leave to amend. Under Yvanova, a borrower has standing to challenge an assignment of a note and deed of trust on the basis of defects that render the assignment void, but does not have standing to challenge a voidable assignment. 62 Cal. 4th at 942-43 (2016). "When an assignment is merely voidable, the power to ratify or avoid the transaction lies solely with the parties to the assignment." Id. at 936. "Unlike a voidable transaction, a void one cannot be ratified or validated by the parties to it even if they so desire." In re Turner, 859 F. 3d 1145, 1149, (9th Cir. 2017).

The Turner court found that an act in violation of a trust agreement renders the assignment voidable, not void. Id.

5

(affirming dismissal of wrongful foreclosure claim challenging assignment of deed of trust because any failure to comply with pooling agreement's deadline rendered transfer voidable but not void.) Id. This holding follows the three California Courts of Appeal that have held that "such an assignment is merely voidable." Saterbak v. JP Morgan Chase Bank, N.A., 245 Cal. App. 4th 808, 815 (2016); see also Mendoza v. JP Morgan Chase Bank, N.A., 6 Cal. App. 5th 802 (2016); Yhudai v. Impac Funding Corp., 1 Cal. App. 5th 1252 (2016). Therefore, a borrower does not have standing to challenge a purported untimely assignment of a deed of trust.

Here, plaintiffs allege that the assignment of the Deed of Trust and Note into the trust violated the trust agreement because it was submitted after the trust's closing date. (SAC ¶ 45.) However, any deficiencies in the assignment or recording of the Deed of Trust to the trust pool at most rendered the assignment voidable, not void. Thereby, plaintiffs, who were not parties to the assignment, have no standing to challenge the assignment. Accordingly, the court finds that plaintiffs' wrongful foreclosure claim fails as a matter of law.

B. Cancellation of Instruments

A borrower seeking to cancel an assignment under California Civil Code § 3412 must allege that the assignment could cause that borrower serious injury.[3] As explained by

---

[3] California Civil Code § 3412 states that "[a] written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled."

6

Saterbak, an assignment causes no serious injury if a borrower's obligations remained unchanged after the assignment, even if the borrower faces the possibility of losing her home or harm to her credit based on a subsequent foreclosure, because that harm is caused by her default, not the assignment. 245 Cal. App. 4th at 818-20.

Here, plaintiffs have not and cannot allege serious injury under § 3412 because their obligations remained the same after the assignment, meaning the harm they allege is the harm caused by their default, not by the assignment. Thus, because plaintiffs have not properly alleged the requisite injury, plaintiffs' cancellation of instruments claim fails.

Defendants request that the court dismiss each of plaintiffs' claims with prejudice and without leave to amend. Generally, a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." AmerisourceBergen Corp. v. Dialysist W., Inc., 465 F. 3d 946, 951 (9th Cir. 2006). Granting plaintiffs leave to amend their claims when they lack standing to challenge the assignment of their Deed of Trust would be futile because plaintiffs cannot allege more facts that would render the assignment void instead of voidable. See Palmer, 2017 WL 2311680, at *6; Walker, 2015 WL 12746201, at *7. Thus, the court will not grant leave to amend.

IT IS THEREFORE ORDERED that defendants' Motion for
Judgment on the Pleadings be, and the same hereby is, GRANTED,
without leave to amend.

Dated:   September 28, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE